FILED BY PG D.C.

MAY 08 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

United States District Court for the Southern District of Florida

| | |
|---|---|
| United States of America, | ) Case No.: No. 13-20298-CR-Martinez |
| Plaintiff, | ) |
| vs. | ) |
| Dora Moreira, | ) Emergency Motion for Expedited Relief for |
| Defendant | ) Reduction in Sentence under 18 U.S.C § 3582 |
| | ) (c)(1)(a) |
| | ) |
| | ) |

Comes now, the defendant Dora Moreira, pro-se litigant, unskilled in the law respectfully; under 18 U.S.C § 3582 (c)(1)(a), The Compassionate Release Statue for Extraordinary and Compelling Circumstances, and The Coronavirus Aid, Relief, and Economic Security Act, or CARES Act, requests a reduction of sentence and immediate release from BOP custody.

The defendant has been incarcerated since 2013 at a minimum-security prison camp, currently imprisoned at the Satellite Prison Camp in Aliceville, Alabama. There are thousands of confirmed cases of COVID-19 virus and numerous deaths, including inside the Aliceville prison. No one really knows the true statistics. The data is "confidential" and inaccurate due to it being based solely on individuals presenting symptoms of fever. There is no testing occurring. The fact is there are several asymptomatic COVID-19 carriers spreading the virus.

The defendant qualifies under the CARES Act for home confinement but has not been released.

The defendant is:

1. Female, 53 years old, who had been under chronic care since the beginning of her incarceration due to multiple and serious chronic medical conditions. The defendant is vulnerable to suffering complications due to COVID-19.

    a. The defendant has kidney problems and a history of respiratory infections. In March 2018, there was a complication with perforation of the tympanic membrane of the right ear: the damage left a hearing impairment with a syndrome that presents symptoms of vertigo, tinnitus, and occasional nausea with accompanied vomiting. All these complications were a result of the lack of adequate medical attention in a BOP facility.

    b. The defendant, additionally, suffered an episode of PVD (Peripheral Vascular Disease) during her incarceration, with a blood clot in her lower extremity.

[Emergency Motion for Expedited Relief for Reduction in Sentence under 18 U.S.C § 3582] - 2

2. The defendant is imprisoned at a minimum-security facility.

3. The defendant maintained an excellent conduct during her completed period of incarceration, without an incident report.

4. The defendant qualifies under PATTERN for priority treatment.

5. The defendant will have accommodations for living with her daughter and with the defendant's sister. She has the capability of finding a job as soon as possible, considering her qualifications and education.

   a. The conditions under which the defendant would be confined upon release would present a lower risk of contracting COVID-19 than the defendant is facing in her BOP facility. While BOP has taken extensive precautions to prevent COVID-19 from entering its facilities and infecting inmates, those precautions have proved to be inadequate. There has been over a hundred reported deaths in BOP facilities. The defendant was not sentenced to death. BOP has failed to provide prisoners safe and free from harm while incarcerated under the Eight Amendment of the U.S. Constitution.

   b. The defendant asserts that the BOP has failed to provide such living quarters and are not equipped to protect inmates. Inmates are living in an open barrack-style camp, which is overcrowded. The housing unit is approximately 160 ft x 80 ft and houses nearly 125 women. That is less than four feet per person of space. It is impossible to follow the national guidelines of social distancing because we are on top of each other. We are too close to one

    another during meal lines, during our mealtimes, and when we are watching TV. During religion services, more than 20 inmates congregate in a small room, standing less than one feet away from each other; Every time a staff member without a mask would walk through the hallway counting the inmates; Standing for count we are too close; When we are brushing our teeth we are too close; While we are sleeping. We are less than 24 inches apart.

  c. The defendant asserts this is a dangerous environment and is cruel and unusual punishment as for the BOP's lack of sufficient health care providers, lack of testing kits for staff, and no testing kits for inmates; The disposable face masks for the inmates are used continuously for more than one week without replacement. Since Monday March 30th, 2020, when lockdown started until today April 22nd, 2020, we have received only three disposable face masks. There are no gloves for staff of for inmates. There is not enough cleaning supplies to effectively disinfect any surface. Most of the officers are entering the unit without wearing face masks or PPE (personal protective equipment). Right now, there is no working air conditioning which means that we are all breathing the same air inside the barrack without ventilation or filtration.

6. The defendant was convicted for non-violent offenses. The defendant does not pose a danger to the community.

a. In a memorandum on April 3rd, Attorney General William Barr indicated that BOP should take immediate action to "begin implementing this directive immediately" at any facility. Individuals who meet the criteria should reach out to receive home confinement as soon as possible, for our safety and security under the law, the CARES Act signed into law in March 2020 by President Donald Trump. The BOP is failing to follow the attorney general's directive in not releasing inmates who have qualified under the CARES Act or under the First Step Act.

b. On February 26th, 2020, the defendant submitted the motion for Compassionate Release Petition for Extraordinary and Compelling Circumstances to the warden of the institution, Ms. Patricia Vs. Bradley. "A prisoner exhausts his administrative remedies rights when BOP fails to bring a motion for Compassionate Release on his behalf and he exercises all administrative rights to appeal, or after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier" [See 18 U.S.C 3582 (c)(1)(a)]. The 30 days "clock" passed after the warden received the request, but the defendant did not receive any answer while the threat of coronavirus outbreak only strengthened the argument presented for release.

## Conclusion

The defendant pleads for the court to grant this motion for reduction in sentence of time served and immediate release. As an alternative, a sentence reduction to 120 months where the defendant will serve the remainder of her sentence in direct home confinement. There are particularly extraordinary and compelling circumstances that require the court's intervention which could not have been foreseen by the court at the time of sentencing. For all the above reasons, this motion should be granted.

Respectfully submitted this 22nd day of April 2020.

TRULINCS 03240104 - MOREIRA, DORA - Unit: ALI-D-D

------------------------------------------------------------------------------------------

FROM: 03240104
TO: Warden
SUBJECT: ***Request to Staff*** MOREIRA, DORA, Reg# 03240104, ALI-D-D
DATE: 04/14/2020 08:37:56 AM

To: Ms Patricia Bradley/ Warden
Inmate Work Assignment: ITS orderly

I will, Thanks!!!
-----Warden on 4/13/2020 3:27 PM wrote:

>
Ms. Moreira, Please speak with your Case Manager when she conduct rounds in the dorm.

>>> ~^!"MOREIRA, ~^!DORA" <03240104@inmatemessage.com> 4/13/2020 1:52 PM >>>
To: Ms Patricia Bradley/ Warden
Inmate Work Assignment: ITS orderly

Dear Warden:
I submitted a Compassion Release petition on February 26, 2020. I did not receive any response yet.
Thanks!!!

## CERTIFICATE OF SERVICE

This is to certify that I have served a true and correct copy of the foregoing: Emergency Motion for Expedited relief for Reduction in Sentence Under 18 U.S.C § 3582(c)(1)(A).
upon the following addresses, by placing same in a sealed envelope, bearing sufficient postage for delivery via the United States Postal Service, to:

Clerk of Court
400 N Miami Ave Room 8N09
Southern District of FL
Miami, FL 33128

and deposited it in the postal box provided for inmates on the grounds of the Federal Correctional Institution, Aliceville, Alabama, 35442, on this 22 day of April 2020.

_Dora Morina_
Name

Register No. 03240-104

Litigation is deemed filed at time it was delivered to prison authorities. See <u>Houston v. Lack</u>, 497 US 266, 101 L Ed 2d 245, 108 S Ct 2379 (1988)



◇03240-104◇
Dora Moreira
PO BOX 487
Satellite Prison Camp-Al
Aliceville, AL 35442
United States

◇03240-104◇
Clerk Of Court
400 N Miami Ave Room 8N09
Southern District of FL
Miami, FL 33128
United States

33128-771699

RECEIVED
MAY 08 2020
12:40 PM

USMS INSPECTED